**TEXAS OIL AND GAS CORPORATION,**
Plaintiff,

v.

The **UNITED STATES** of America et al.,
Defendants.

No. P–70–CA–48.

United States District Court,
W. D. Texas,
Pecos Division.

Nov. 9, 1971.

Charles M. Prock, Ft. Stockton, Tex., for plaintiff.

Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for defendant U. S. A.

Wm. Monroe Kerr, Midland, Tex., James R. Kerr, Ft. Stockton, Tex., for defendant Pecos County State Bank.

GUINN, District Judge.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT**

Came on to be heard the above cause and the Court having heard and considered the evidence and argument of coun-

**410**

sel and briefs filed, does make the following Findings of Fact, Conclusions of Law and enters the following Judgment:

## FINDINGS OF FACT

1. That the Plaintiff, Texas Oil and Gas Corporation, is a Delaware Corporation having its principal place of business at 2700 Fidelity Union Tower Building, Dallas, Texas.

2. That the Defendant-taxpayer, Hilton R. Blackmon, d/b/a Blackie's Oil and Gas Field Service, is a resident of Fort Stockton, Pecos County, Texas.

3. That the Defendant, The Pecos County State Bank, is a Texas banking corporation having its principal place of business at 500 N. Main Street, Fort Stockton, Pecos County, Texas.

4. That prior to March 25, 1967, the defendant-taxpayer, Hilton R. Blackmon, d/b/a Blackie's Oil and Gas Field Service, was engaged in the business of servicing and repairing oil wells and related equipment.

5. That on March 25, 1967, the defendant-taxpayer entered into a written "Security Agreement" with the defendant, the Pecos County State Bank, whereby the defendant-taxpayer agreed to factor his accounts receivable with the defendant bank as soon as they arose, in consideration for loans from the bank.

6. That contemporaneously with the execution of this Security Agreement, the defendant bank executed a "Financing Statement" describing the collateral covered by the Security Agreement.

7. That this Financing Statement was filed with the Secretary of State of the State of Texas on March 28, 1967.

8. That the defendant bank continued to factor accounts receivable due to the defendant-taxpayer under the Security Agreement dated March 25, 1967, until on or about October 15, 1970.

9. That the defendant-taxpayer, Hilton R. Blackmon, d/b/a Blackie's Oil and Gas Field Service, performed services on behalf of the Plaintiff, Texas Oil and Gas Corporation, which were completed some time in September of 1970.

10. That the Plaintiff is presently indebted to the defendant-taxpayer for the services performed by him in the total amount of $14,690.10.

11. That on December 26, 1969, a delegate of the Secretary of the Treasury made an assessment for the federal withholding and FICA tax liability for the second quarter of 1969 against the defendant-taxpayer, Hilton R. Blackmon, d/b/a Blackie's Oil and Gas Field Service, in the total amount of $34,284.08.

12. That on January 1, 1970, a delegate of the Secretary of the Treasury made an assessment for the federal withholding and FICA tax liability for the third quarter of 1969 against the defendant-taxpayer in the total amount of $20,832.93.

13. That on February 27, 1970, a Notice of Federal Tax Lien, reflecting the federal tax liability of Hilton R. Blackmon, d/b/a Blackie's Oil and Gas Field Service, was filed with the County Clerk, Pecos County, Fort Stockton, Texas.

14. That in an effort to collect the outstanding federal tax liability of the defendant-taxpayer, the United States of America, by and through its Internal Revenue Service, caused a Notice of Levy to be served upon the plaintiff, Texas Oil and Gas Corporation, which sought to seize the fund of money held by the plaintiff and due and owing to the defendant-taxpayer.

15. That shortly thereafter, the defendant, the Pecos County State Bank, served notice upon the plaintiff to pay over to it, pursuant to its Security Agreement with the defendant-taxpayer, the sum of money due and owing to the defendant-taxpayer.

16. That in an attempt to avoid personal liability, the plaintiff has tendered to the Registry of this Court the sum of money that it owes the defendant-taxpayer—$14,690.10—for a determination of the priority to such sum by this Court.

## CONCLUSIONS OF LAW

1. That this Court has jurisdiction over the subject matter of this action pursuant to Section 1335 of Title 28, United States Code.

2. That this Court has jurisdiction over the United States pursuant to Section 1340 of Title 28, United States Code and Section 2410 of Title 28, United States Code, which provides the requisite waiver of the sovereign immunity of the United States of America.

3. That the tax assessments made against the defendant-taxpayer herein, Hilton R. Blackmon, d/b/a Blackie's Oil and Gas Field Service, create a lien in favor of the United States in the amount of his unpaid federal tax liability, which attaches to all property and rights to property, whether real or personal, belonging to the defendant-taxpayer, including the fund of money interpleaded into the Registry of this Court. Section 6321 of the Internal Revenue Code of 1954 (26 U.S.C., § 6321).

4. That the security interest existing in favor of the defendant, the Pecos County State Bank, and the basis of its claim for priority to the interpleaded fund, was executed and filed in accordance with the provisions of the Texas Uniform Commercial Code. Sections 9.-302(a) (1) and 9.305, Vernon's Texas Code Annotated, Bus. & C.

5. That in determining the validity of the federal tax lien created by Section 6321 of the Internal Revenue Code of 1954, and in determining its priority as against state-created liens, federal law is controlling upon this Court. United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958).

6. That the issue before this Court as to the priority of the federal tax lien relied upon by the Government, vis-a-vis the state-created claim asserted by the Defendant bank, must be resolved by reference to Section 6323 of the Internal Revenue Code of 1954 which provides that a properly filed Notice of Federal Tax Lien is entitled to priority over a state-created security interest, such as the commercial transaction financing agreement relied upon by the defendant bank, unless the security interest meets the following requirements: (1) the identity of the lienor is established; (2) the amount of the loan is in existence within 45 days subsequent to the filing of the Notice of Federal Tax Lien, and (3) the property to which the security interest attaches is in existence within 45 days subsequent to the filing of the Notice of Federal Tax Lien. Section 6323(c) (2) (A) (ii) of the Internal Revenue Code of 1954 (26 U.S.C., § 6323(c) (2) (A) (ii)); United States v. Ball Construction Company, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958); First State Bank of Medford v. United States, 166 F.Supp. 204 (D.Minn., 1958).

7. That the lien relied upon by the defendant, the Pecos County State Bank was not in an established amount nor was there identifiable property to which it attached until completion of the services performed by the defendant-taxpayer in September of 1970, a time subsequent to April 14, 1970, the expiration of the 45 day grace period after the filing of the Notice of Federal Tax Lien provided by Section 6323(c) (2) (A) (ii) of the Code.

8. That based on the applicable provisions of federal law, the United States of America is entitled to priority to the interpleaded fund over the defendant, the Pecos County State Bank.

9. That the Plaintiff, as a disinterested stake-holder, is not entitled to attorney's fees in this action as the total amount in the fund is insufficient to satisfy prior federal tax liens. United States v. State National Bank of Con-

necticut, 421 F.2d 519 (C.A. 2, 1970); United States v. Ray Thomas Gravel Co., 380 S.W.2d 576 (Tex., 1964).

10.  That the United States is accordingly entitled to the entire amount of the fund interpleaded into the Registry of this Court.